### *ROBINSON* vs. *M'CAY, CURATOR.*

The landlord's privilege is not lost, by the curator's removal of property subject thereto.

APPEAL from the court of probates of the parish of St. Tammany.

PORTER J. delivered the opinion of the court. The plaintiff claims $488 for house rent, and asserts that the debt is privileged, on the furniture and other moveables found in the house at the decease of the tenant.

The answer contains a general denial, a plea of prescription, and averment that the debt is not privileged.

The court below considered the debt as proved, and the plea of prescription not sustained, but it refused to allow any privilege, and directed the plaintiff to be paid as a chirographary creditor. From this judgment the petitioner appealed.

The reason given by the judge for rejecting the demand of the plaintiff to be paid as a privilege creditor, is the curator being permitted to remove the objects subject to the law, without any assertion of claim on the part of the lessor. *Lou. Code*, 2679.

We think the judge erred. The representatives of an estate can do nothing which will destroy or impair a claim existing on the deceased's person or property, at the moment of his decease. In this instance, the removal by the curator cannot have the effect of destroying the privilege, because the lessor could not exercise his privilege on the thing subject to it. The law makes it the duty of the former to take the property into his possession, sell it, and after the sale to settle the order of privileges contradictorily with the other creditors. This power is expressly recognized by the 3223d article of the *Louisiana Code.* The proceeds in the hand of the curator represented the thing. The want of power in the lessor to seize, prevented the prescription from running against him.

It is therefore ordered, adjudged and decreed, that the judgment of the court of pro-

ROBINSON
*vs.*
M'CAY.

bates be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the plaintiff recover from the defendant as curator of the estate of H. H. Patillo, the sum of $488; to be paid as a privilege on the moveable effects of the lessee found in the house leased at the death of the lessor; and it is further ordered, that the defendant aforesaid, pay the costs in both courts.